UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.** 07-80708-MARRA/JOHNSON

CHRISTOPHER A. TATE AND
LERON J. BEDWARD,



Plaintiffs,

vs.

C.E. BRADLEY LABORATORIES, INC.,

Defendant.

_____

# REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court on Defendant's Motion to Dismiss (DE 7). Also unadjudicated in this matter is Plaintiff Leron J. Bedward's (Bedward) Motion for Entry of Default (DE 5).[1] The Motions are now ripe for adjudication. After considering the parties' arguments, as well as statutory and case law, and the record as a whole, the undersigned respectfully recommends that, as to Plaintiff Bedward: (1) the action be transferred to the United States District Court for the District of Vermont; and (2) Plaintiff Bedward be allowed sixty (60) days from the date of the order of transfer to effect service on Defendant. As to Plaintiff Tate, the undersigned recommends that this action be dismissed without prejudice.

---

[1] Despite this court's October 29, 2007, Order requiring Plaintiff Tate of the need to appear either *pro se* or through counsel in this matter no later than November 7, 2007, he has never complied with the directive. This Report and Recommendation will address Plaintiff Tate's failure to comply with the aforesaid Order separately from the issues relating to Plaintiff Bedward.

1

## I. FACTUAL BACKGROUND

Plaintiff Bedward filed a *pro se* Complaint herein, apparently on behalf of himself and of Plaintiff Tate, under the provisions of Title VII of the Civil Rights Act of 1964, alleging discrimination in hiring on the basis of race against both named Plaintiffs. DE 1. Defendant's Motion to Dismiss avers lack of personal jurisdiction, improper venue, and insufficiency of service of process, and prays for a dismissal with prejudice of this action. DE 7 at 5-14. In his Response to Defendant's Motion at bar, Plaintiff Bedward concedes: (1) this court's lack of personal jurisdiction over Defendant; (2) that venue is improper in the Southern District of Florida; and (3) Plaintiff Bedward's failure to make effective service of process on Defendant. DE 12 at 2, § II. Plaintiff Bedward, nonetheless, asserts that the "interests of justice" require a transfer to the United States District Court for the District of Vermont where there is proper jurisdiction and venue because otherwise his claim would be time-barred as a result of the U.S. Equal Employment Opportunity Commission's Notice of Right to Sue issued on May 10, 2007, allowing ninety (90) days from receipt of the Notice to file an action in either federal or state court. DE 12 at 2-3 & attached Ex.[2] Plaintiff Bedward further prays for this court's extension of the time to effect service of process on Defendant, asking for a deadline in that regard of sixty (60) days from the order of transfer to the District of Vermont. DE 12 at 5-6.

## II. STANDARD OF REVIEW

a. **Statutory Provisions Exist to Transfer a Cause of Action to Cure Lack of Jurisdiction and Improper Venue.**

"[I]f it is in the interest of justice," a district court lacking jurisdiction may transfer an

---

[2] The record shows a filing date of August 9, 2007, for the Complaint in this matter.

2

action to another district court where the action "could have been brought at the time it was filed." 28 U.S.C. § 1631. The transferred action may then "proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." Id. For the same reason (i.e., "interest of justice") a district court lacking venue over a cause of action may transfer it to another district court where the cause could have been brought. 28 U.S.C. § 1406(a).[3]

### b. Case Law Precedent Interpreting Transfers Under Statutory Provisions Allow Denial of a Motion to Dismiss and Transfer to a District Court Having Venue Over the Issues and Jurisdiction Over the Parties.

The United States Supreme Court has recognized proper transfer authority for lack of proper venue, regardless of whether or not the transferring court has personal jurisdiction over a defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). In Goldlawr, the Court noted that 28 § 1406(a)'s language "is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." Id. The Court went on to note that the purpose of procedural changes to § 1406 was to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits, adding that in enacting § 1406 (a) Congress "recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time consuming and justice-defeating technicalities.'" Id. at 466-67 (citation omitted).

---

[3] Also "in the interest of justice" as well as "[f]or the convenience of parties and witnesses," a transfer may be made from one district court to another one where the action could have been brought. 28 U.S.C. § 1404.

3

Even though this court could not locate an Eleventh Circuit ruling on the particular issue, both the Southern District of Florida as well as sister federal district courts have denied motions to dismiss, transferring a cause of action from one federal district to another one under the provisions of 28 U.S.C. §§ 1404, 1406(a) and 1631. See, e.g., Tellschow v. Aetna Cas. & Sur. Co., 585 F. Supp. 593, 595 (S.D. Fla. 1984) (finding no personal jurisdiction in diversity case, denying motion to dismiss, & transferring cause to Central District of California pursuant to 28 U.S.C. § 1631); see also Crowe v. Paragon Relocation Resources, Inc., 506 F. Supp. 2d 1113, 1125 (N.D. Fla. 2007) (recognizing transferability under the provisions of 28 U.S.C. § 1404(a), and denying motion to dismiss); Songbyrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2nd Cir. 2000) (citations omitted) (acknowledging proper transfer authority based on lack of personal jurisdiction and proper venue under 28 U.S.C. §§ 1404 & 1406(a)); and Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986) (indicating propriety of transfer, as opposed to dismissal, under Goldlawr and its progeny when "dismissal would cause the claim to be time-barred in a proper forum").

### c. District Courts Have the Inherent Power to Dismiss Actions with or without Prejudice.

A district court has the power to enforce its orders as part of the inherent authority to police its docket and insure the prompt disposition of lawsuits, which includes a dismissal with or without prejudice. Fed.R.Civ.P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Mingo v. Sugar Cane Growers Co-Op of Fla., 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice is a "severe sanction of last resort that is to be utilized only in extreme situations."

Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995). Dismissal for failure to prosecute is a proper exercise of a district court's discretion when (1) the court concludes that there is a clear record of delay or willful contempt; and (2) the court makes a finding, either implicit or explicit, that a lesser sanction would not suffice. Fed.R.Civ.P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005); Gratton v. Great Am. Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

## III. DISCUSSION

### a. In the Interest of Justice, Dismissal of this Cause of Action Should Be Denied as to Plaintiff Bedward, and His Claim Should Be Transferred to the United States District Court for the District of Vermont.

Even though Plaintiff Bedward concedes that this court lacks jurisdiction over Defendant, that venue does lie not in the Southern District of Florida, and that service of process was not properly effected, the court must recognize that said Plaintiff filed this action *pro se*.[4] A court should show leniency to a *pro se* litigant over and above that allowed to those who have counsel. GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Here, Plaintiff Bedward originally filed the complaint, had the summons issued, and attempted service of process on Defendant via certified mail.[5] Plaintiff Bedward does not plead that he did not understand the need to obtain a waiver

---

[4] In the interest of judicial economy, the undersigned will not analyze Defendant's argument on the issues on which Plaintiff Bedward concedes error. Nonetheless, for the sake of the record, the court finds that Defendant's argument is properly presented and has valid legal support.

[5] The Summons as issued by the Clerk of Court shows Defendant's corporate name and address without the name of any agent as recipient of process; similarly, the certified mail receipt filed in this matter only shows on its face the corporate name for Defendant. DE 4.

5

from the Defendant in order to effect proper service of process by mail. Fed.R.Civ.P. §§ 4(d), 4(h). Plaintiff Bedward also does not indicate any form of confusion about comprehending the applicable Federal Rule of Civil Procedure or the Florida statutory requirement on the need to name an officer, managing or general agent, or any other authorized agent by appointment or law to receive valid service of process on Defendant. Fed.R.Civ.P. 4(h); Fla. Stat. § 48.031(1)(a). Nonetheless, upon the undersigned's issuance of an Order on October 16, 2007, requiring the Plaintiffs herein to abide by the Rules of Procedure, Plaintiff Bedward showed an effort in complying with all applicable Rules, and even filed a Motion for Extension of Time in that regard (DE 10), which the court granted on October 29, 2007, allowing Plaintiff Bedward until November 12, 2007, to become familiar with said Rules (DE 11).[6] On November 12, 2007, Plaintiff Bedward's counsel appeared on his behalf by responding to Defendant's Motion to Dismiss, conceding to the infirmities in *pro se* Plaintiff Bedward's filing in the Southern District of Florida and to the invalid service on Defendant, and seeking transfer of this matter as well as an extension of time to serve process upon transfer.

A reading of the Goldlawr decision makes it clear that a district court has discretion to refuse to dismiss a case because of technical mistakes made by a plaintiff. See 369 U.S. at 467 (indicating willingness to overlook 'time-consuming and justice-defeating technicalities' in upholding 'the interest of justice'); see also GJR Invs., 132 F.3d 1369 (allowing leniency when a party acts *pro se*). As a result, the undersigned finds that it is in the interest of justice that Plaintiff Bedward not be penalized for failing to interpret

---

[6] By way of the October 29, 2007, Order, the undersigned also required Plaintiff Tate to appear *pro se* or through counsel no later than November 7, 2007.

correctly, and to comply strictly with, the requirement of the Rules of Procedure before this court's specific admonishment in that regard. As to that, the court notes Plaintiff Bedward's impliedly apparent acknowledgment of his inability to follow the applicable Rules and statutory requirements, and of the need to obtain professional assistance, shown by his seeking the appearance of counsel on his behalf.

The undersigned further finds that statutory and case law precedent allow denial of Defendant's Motion to Dismiss as to Plaintiff Bedward, as well as permitting transfer of his cause of action to the United States District Court for the District of Vermont. 18 U.S.C. §§ 1631, 1406(a); Goldlawr, 369 U.S. at 466; Crowe, 506 F. Supp. 2d at 1125; Songbyrd, 206 F.3d at 179 n.9; Coffey, 796 F.2d at 221; Tellschow, 585 F. Supp. at 595. In addition, the undersigned finds that the failure to effect proper service of process on Defendant renders moot Plaintiff Bedward's Motion for Default.

### b. **Plaintiff Tate's Claim Should Be Dismissed without Prejudice.**

Quite differently to Plaintiff Bedward's effort in pursuing this cause of action, Plaintiff Tate has made no effort to protect and prosecute any rights he may believe he had. He received the same admonitions as Plaintiff Bedward as to the need to comply with court orders and to follow the Rules of Procedure, and he was made aware that failure to comply with requirements of the Rules could result in sanctions, to and including dismissal of his action. Yet, as of the date of this Report and Recommendation, he has neither made an effort to salvage the presentation of his claim, nor indicated in any way his intent to prosecute his alleged cause of action.[7]

---

[7] The record shows specific indication of copies of the undersigned's Orders of October 16 and 29, 2007, being mailed to both named Plaintiffs at the same address: 180 Jamaica Drive,

7

As a result, the undersigned finds that Plaintiff Tate has shown total indifference to his rights and to the pursuit of any claims he may have against Defendant. Indeed, permitting Plaintiff Tate to avail himself of the same prerogatives as those recommended herein on behalf of Plaintiff Bedward (who, quite differently demonstrated diligence and willingness to proceed with his claim) would be a miscarriage of justice. Hence, in a balancing of any rights accruing to Plaintiff Tate and prejudice against Defendant, the undersigned interprets a willful silence by Plaintiff Tate of approximately two and one-half months in properly appearing before the court, and his total failure to respond for three months to Defendant's Motion to Dismiss as voluntary acts on Plaintiff Tate's part justifying the dismissal without prejudice of any claims he may have had against Defendant. Fed.R.Civ.P. 41(b); Link, 370 U.S. at 629-30; Betty K, 432 F.3d at 1337-38; Mingo, 864 F.2d at 102; Goforth, 766 F.2d at 1535; Morewitz, 62 F.3d at 1366.[8]

## IV. CONCLUSION

Plaintiff Bedward has made a conscious effort to salvage his alleged cause of action. Plaintiff Tate, on the other hand, has willfully ignored the court's orders and, despite having had ample time to act, has neither responded to Defendant's Motion to Dismiss nor sought an extension of time to do so; he also has not filed any pleading

---

Palm Springs, FL 33461. DE 9; DE 11 at 2. The undersigned's Chambers prepared and mailed envelopes for the Orders, separate from those sent out by the Clerk of Court. Similarly, Defendant mailed a copy of its Motion to Dismiss to Plaintiff Tate at the same aforestated address. DE 7 at 16. There is no indication that any of the envelopes addressed to Plaintiff Tate were returned as undeliverable, nor is there record notice of a change of address for Plaintiff Tate. Hence, there is a valid inference that he received all correspondence sent by the court and by Defendant in this matter.

[8] The undersigned entertained recommending dismissal with prejudice of Plaintiff Tate's action, but in deference to his *pro se* status decided it would be too harsh a sanction.

indicating any form of extenuating circumstances that would allow the court to show leniency on his behalf.

It is, therefore

**RECOMMENDED** as to Plaintiff Bedward that:

1. Defendant's Motion to Dismiss (DE 7) be **DENIED**;

2. Plaintiff's Request for Clerk's Entry of Default (DE 5) be **DENIED AS MOOT**;

3. Plaintiff be allowed sixty (60) days from the date of the order of transfer to effect valid service of process on Defendant;[9] and

3. The Clerk of Court transfer his claim to the United States District Court for the District of Vermont.

**IT IS FURTHER RECOMMENDED** as to Plaintiff Tate that:

2. Defendant's Motion to Dismiss (DE 7) be **GRANTED**; and

3. That his claim be **DISMISSED WITHOUT PREJUDICE**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections to it, if any, with the Honorable Kenneth A. Marra, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Resolution Trust Corp. v. Hallmark Builders, 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Drugger, 847 F.2d 745, 749 (11th Cir. 1988).

---

[9] The undersigned considered recommending allowance of less time to effect service of process, but out of concern for the time required to complete all ministerial aspects of the transfer, has chosen to suggest the time period requested by Plaintiff.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 11th day of January, 2008.

*Linnea Johnson*
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record
Christopher A. Tate, 180 Jamaica Drive, Palm Springs, FL 33461